IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01752-OES

JOSEPH B. TILLMAN,

    Plaintiff,

v.

JOE ORTIZ,
CHRISTINA MOSCHETTI, and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 19 2005

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING ACTION AS A 28 U.S.C. § 2241 AND DIRECTING PLAINTIFF
TO FILE CLAIMS ON A § 2241 COURT-APPROVED FORM

---

Plaintiff Joseph B. Tillman is incarcerated at the Colorado Department of Corrections (DOC) and currently is held at the Buena Vista, Colorado, Correctional Facility. On August 29, 2005, Mr. Tillman submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking an order by the Court that directs Defendants to reset his parole eligibility date at fifty percent of his sentence, as opposed to the seventy-five percent that was set by the DOC Time Computation.

The Court must construe the Complaint liberally, because Mr. Tillman is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Complaint, Mr. Tillman alleges that on May 14, 2002, his parole eligibility date was set at fifty percent of his total sentence.  He further asserts that on May 16, 2002, Defendant Christina Moschetti, Executive Director of DOC Time Computation, reset his parole eligibility date at seventy-five percent of his total sentence pursuant to Colo. Rev. Stat. § 17-22.5-403(2), because he had a prior conviction in the State of Virginia that is considered a crime of violence.  (Compl. at 4.)

Plaintiff is challenging the execution of his sentence.  The claim more appropriately is dealt with in a 28 U.S.C. § 2241 action.  *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  Accordingly, it is

ORDERED that the action is construed as an Application filed pursuant to 28 U.S.C. § 2241 as opposed to a Complaint filed pursuant to 42 U.S.C. § 1983.  It is

FURTHER ORDERED that the Clerk of the Court shall change the Docket in the instant filing to reflect the proper nature of the action.  It is

FURTHER ORDERED that Mr. Tillman complete and file with the Court a 28 U.S.C. § 2241 Application form **within thirty (30) days from the date of this Order**.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Tillman two copies of the 28 U.S.C. § 2241 Application form.  It is

FURTHER ORDERED that if Mr. Tillman fails to complete and file with the Court a 28 U.S.C. § 2241 Application form **within thirty (30) days from the date of this Order**, the action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the Court will not review the merits of the action until Mr. Tillman has filed the 28 U.S.C. § 2241 Application form. It is

FURTHER ORDERED that the Clerk of the Court shall return $245.00 to Mr. Tillman, the amount that is in excess of the $5.00 filing fee required for filing a habeas corpus application.

DATED at Denver, Colorado, this ___ day of September, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01752-OES

Joseph B. Tillman
Prisoner No. 112837
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Financial Department
United States District Court
District of Colorado

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 9/19/05

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk