IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 15 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01752-OES

JOSEPH B. TILLMAN,

    Plaintiff,

v.

TONY CARACHI, Warden, Buena Vista Correctional Facility,
JOE ORTIZ, Executive Director, Colorado Department of Corrections, and
CHRISTINA MOSCHETTI, Exec. Dir. of Time Computation,

    Defendants.

---

ORDER DIRECTING MR. TILLMAN TO PAY THE $245.00 FILING FEE BALANCE OR SUBMIT A MOTION AND AFFIDAVIT PURSUANT TO 28 U.S.C. § 1915

---

On September 8, 2005, Mr. Joseph B. Tillman filed a Prisoner Complaint seeking an order by the Court to direct Defendants to reset his parole eligibility date at fifty percent of his sentence, as opposed to the seventy-five percent that was set by the Colorado Department of Corrections (DOC) Time Computation. The Court reviewed the Complaint and determined that Mr. Tillman was challenging the execution of his sentence and that the claims were more appropriately dealt with in a 28 U.S.C. § 2241 action under *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

The Court instructed Mr. Tillman to complete and file his claims on a Court-approved form used in filing § 2241 actions. The Court also directed the Clerk of the Court to return $245.00 to Mr. Tillman, as he had paid the filing fee required for filing civil complaints.

On October 3, 2005, Mr. Tillman filed his claims on a § 2241 application form. In the Application, Mr. Tillman asserts that Colo. Rev. Stats. §§ 17-22.5-403(2) and 16-11-309 govern the parole eligibility of prisoners. He further asserts that a prisoner is parole eligible after serving fifty percent of his total sentence, unless the prisoner has committed a crime of violence as defined in § 16-11-309. He also asserts that if the prisoner has committed a crime of violence, then the prisoner is parole eligible after serving seventy-five percent of his total sentence.

Mr. Tillman asserts that the DOC, by construing a crime from another state as a crime of violence under Colorado law even when the crime from the other state was not charged as a crime of violence, violated his due process and jury trial rights. Plaintiff concludes that the difference in time for parole eligibility is four years whether he is considered parole eligible at fifty percent of his time served as opposed to seventy-five percent of his time served. Mr. Tillman also asserts that considering he is eligible for an intensive inpatient drug rehabilitation program sixteen months prior to his parole eligibility date he currently would be eligible for participation in a community corrections program if his parole eligibility date was set at fifty percent as opposed to seventy-five percent. Plaintiff requests that the Court direct Defendants to set his parole eligibility date at fifty percent of his sentence, or if the Court denies such a request direct Defendants to grant him due process in the form of a hearing on the issues presented.

In his Response, Mr. Tillman further asserts that he is challenging the parole procedure itself and that his request for relief would not result in immediate relief, but simply would provide him with an earlier parole hearing. Plaintiff relies on *Wilkinson v. Dotson*, 125 S. Ct. 1242 (2005). Based on Mr. Tillman's supplemental claims, the

2

Court will reconsider the action as filed pursuant to 42 U.S.C. § 1983. Mr. Tillman will be directed to resubmit the $245.00 balance of the filing fee or, in the alternative, submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court then will review the merits of Mr. Tillman's claims as filed pursuant to § 1983. Accordingly, it is

ORDERED that the action is reconstrued as a Prisoner Complaint filed pursuant to 42 U.S.C. § 1983. It is

FURTHER ORDERED that the Clerk of the Court again shall change the Docket to reflect the proper nature of the action. It is

FURTHER ORDERED that Mr. Tillman submit to the Court the $245.00 balance of the $250.00 filing fee or in the alternative file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Tillman two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Tillman fails to either pay the $245.00 balance or in the alternative submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 within thirty days from the date of the instant Order the action will be dismissed without further notice.

DATED at Denver, Colorado, this 15 day of November, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01752-OES

Joseph B. Tillman
Prisoner No. 112837
Buena Vista Corr. Facility
PO Box 2005
Buena Vista, CO 81211


I hereby certify that I have mailed a copy of the   **ORDER and two copies of Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915** to the above-named individuals on _11-15-05_


GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk