IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01752-PSF-BNB

JOSEPH B. TILLMAN,

Plaintiff,

v.

TONY CAROCHI, Warden, Buena Vista Correctional Facility,
JOE ORTIZ, Executive Director, Colorado Department of Corrections,
CHRISTINA MOSCHETTI, Exec. Div. of Time Computation, and
COLORADO DEPARTMENT OF CORRECTIONS,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
## AND ORDER

---

This matter is before me on the defendants' Motion to Dismiss [Doc. #15, filed 2/27/06]

(the "Motion"), submitted by defendants Carochi, Ortiz, and Colorado Department of Corrections

("DOC").[1]  I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint

be DISMISSED in its entirety.

## I.  STANDARD OF REVIEW

As a preliminary matter, I must liberally construe the pleadings of a *pro se* plaintiff.

Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro*

*se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil

Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1]It appears from the record that defendant Moschetti has never been served.

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II. BACKGROUND

On September 8, 2005, the plaintiff filed a Prisoner Complaint (the "Complaint") pursuant to 42 U.S.C. § 1983. The Complaint alleges that the defendants have wrongfully set the plaintiff's parole eligibility date at 75% of his sentence.

On September 19, 2005, the Court determined that the plaintiff was challenging the execution of his sentence and directed him to assert his claims pursuant to 28 U.S.C. § 2241. *Order Construing Action as a 28 U.S.C. § 2241 and Directing Plaintiff to File Claims on a § 2241 Court-Approved Form*, issued September 19, 2005. On October 3, 2005, the plaintiff submitted his claims on a section 2241 application form (the "Application"). In addition to the original claim, the Application alleges that the DOC's parole procedure is unconstitutional.

On October 19, 2005, the plaintiff was ordered to show cause why the Application should not be dismissed for failure to exhaust state remedies. In his response to the show cause order, the plaintiff requested that the Court construe his action as one asserted pursuant to 42 U.S.C. 1983. The plaintiff stated that his requested relief would not result in immediate relief, but simply

2

would provide him with an earlier parole hearing.  Based on the plaintiff's supplemental claims, the Court reconsidered the action as filed pursuant to 42 U.S.C. § 1983.  *Order Directing Mr. Tillman to Pay the $245.00 Filing Fee Balance or Submit a Motion and Affidavit Pursuant to 28 U.S.C. § 1915*, issued November 15, 2005.

The plaintiff makes the following assertions:

1.    Inmates are eligible for parole after serving 50% of their total sentence.  Section 17-22.5-403(2), C.R.S., provides an exception to this rule when an inmate has "previously committed a crime which would have been a crime of violence as defined in 16-11-309, C.R.S."  Inmates who have previously committed a crime of violence are not eligible for parole until after they have served 75% of their total sentence.  The definition of a "crime of violence" requires that certain facts and elements of the crime be proven to a jury beyond a reasonable doubt.  *Application*, p. 2.

2.    When an inmate has committed a crime in a state other than Colorado, the DOC determines parole eligibility by evaluating whether the crime would have been a crime of violence under Colorado law, regardless of whether the crime was a crime of violence under the other state's law.  Id.

3.    Based on an attempted robbery charge in the State of Virginia, the DOC erroneously set the plaintiff's parole eligibility at 75% of his sentence.  The plaintiff was never charged with a crime of violence in Virginia.  Id.

4.    The procedures used by the DOC in determining parole eligibility are unconstitutional.  *Response to Order to Show Cause*, filed November 9, p. 2.

The plaintiff does not seek monetary relief.  He seeks the following injunctive and declaratory relief: (1) a declaration "of [his] rights as to due process and jury trial with respect to

the claims herein"; (2) an order enjoining the defendants from entering "any more false and prejudicial statements into [his] file"; (3) a reduction of his parole eligibility date from 75% to 50% of his sentence; and (4) "due process and a jury trial to determine the relevant facts." *Amendment to Complaint*, filed December 5, 2005, p. 2 (requesting that the Court "grant the relief requested in the original complaint); *Complaint*, p. 8.

The plaintiff also seeks appointment of counsel to assist him in this matter. Id.

## III.  ANALYSIS

### A.  Appointment of Counsel

I address first the plaintiff's request for the appointment of counsel.

A Court has broad discretion in determining whether to appoint counsel in a civil case. DiCesare b. Stuart, 12, F.3d 973, 979 (10th Cir. 1993).  In deciding whether to appoint counsel, the following factors are considered: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims.  Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff adequately presents his claims.  The factual and legal issues raised by plaintiff's claims are not complex.  As discussed below, the plaintiff's claims are moot and must be dismissed.  Accordingly, plaintiff's request for appointment of counsel is DENIED.

4

### B.  Mootness

The defendants assert that this case must be dismissed because it is moot.  Mootness is described by the Tenth Circuit as follows:

> Article III mootness is the doctrine of standing set in a time frame:
> The requisite personal interest that must exist at the commencement
> of the litigation (standing) must continue throughout its existence
> (mootness).  A federal court has no power to give opinions upon
> moot questions or declare principles of law which cannot affect the
> matter in issue in the case before it.  Thus, to be cognizable, a suit
> must be a real and specific controversy admitting of specific relief
> through a decree of a conclusive character.  *If an event occurs*
> *while a case is pending that heals the injury and only prospective*
> *relief has been sought, the case must be dismissed.*

Southern Utah Wilderness Alliance v. Smith, 110 F.3d 724, 727 (10thCir. 1997) (emphasis added) (internal citations omitted).

The defendants assert, and the plaintiff concedes, that the DOC has changed the plaintiff's parole eligibility date to reflect his eligibility at 50% instead of 75% of his sentence.  *Motion*, p. 2; *Response to Motion to Dismiss* (the "Response"), p. 2.  The DOC's correction of the plaintiff's parole eligibility date has "healed" the plaintiff's injury and the plaintiff seeks only prospective relief.  Therefore, under Southern Utah Wilderness Alliance, the plaintiff's case must be dismissed.

The plaintiff acknowledges the mootness of his claim for correction of the parole eligibility date.  *Response*, p. 2.  He argues, however, that correction of the parole eligibility date does not moot his challenge to the constitutionality of the DOC's parole procedure.  To the contrary, this Court has no power to declare a principle of law which "cannot affect the matter in issue in the case before it."  Southern Utah Wilderness Alliance, 110 F.3d at 727.

Accordingly, the Motion should be granted and the action should be dismissed in its entirety.[2]

## IV.   CONCLUSION

I respectfully RECOMMEND that the defendants' Motion to Dismiss be GRANTED and that the Complaint be DISMISSED in its entirety.

FURTHER, IT IS ORDERED that the plaintiff's request for appointment of counsel is DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[2]Because I find that the plaintiff's action is moot, I do not reach the defendants' remaining arguments.

Dated June 12, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge