IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01752-PSF-BNB

JOSEPH B. TILLMAN,

    Plaintiff,

v.

TONY CAROCHI,
JOE OTRIZ, and
CHRISTINA MOSCHETTI,

    Defendants.

---

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 22), filed June 12, 2006, in which the Magistrate Judge recommends that this Court grant Defendants' Motion to Dismiss (Dkt. # 15), filed February 27, 2006, and dismiss this case in its entirety. The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b). As no party has objected to the Recommendation, the Court has reviewed the Recommendation to determine if it constitutes clear error. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). After reviewing the underlying motions and the record, the Court

concludes that the Recommendation represents a correct application of the facts and the law and is not clearly erroneous.

Plaintiff Joseph B. Tillman, a prisoner proceeding *pro se*, filed the instant action on September 8, 2005, challenging defendants' determination of his parole eligibility date. Mr. Tillman originally brought his claim pursuant to 42 U.S.C. § 1983, but resubmitted his claim as an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 after the Magistrate Judge directed him to do so on the basis that a challenge to the execution of his sentence was "more appropriately" brought pursuant to § 2241 (Dkt. # 3).

Mr. Tillman's § 2241 submission (Dkt. # 4) also challenged on due process grounds the parole procedure itself. The Magistrate Judge reconstrued the case as originally filed, a prisoner complaint pursuant to § 1983, based on this supplemental filing.

Defendants filed a Motion to Dismiss on February 27, 2006 (Dkt. # 15), claiming that Mr. Tillman's claim should be dismissed as moot. Defendants contend that Mr. Tillman's parole eligibility date has already been adjusted in accordance with plaintiff's concerns. Thus, Mr. Tillman no longer has a stake in the litigation and his claim should be denied as moot. *See* Defs.' Mot. Dis. at 3 (citing *Adamson v. Bowen*, 855 F.2d 668, 674-75 (10th Cir. 1988)). Additionally defendants contend that plaintiff's claim is moot because the named defendants do not have the authority to provide the requested injunctive relief–namely, changing plaintiff's parole eligibility date. *See id.* (citing *El-Ghori v. Grimes*, 23 F. Supp. 2d 1259, 1266-67 (D. Kan. 1998)).

Mr. Tillman filed his response on March 29, 2006 (Dkt. # 18), contending that despite "correctly setting [his] parole eligibility," defendants still must answer for the constitutional problems Mr. Tillman alleges exist with the parole procedure itself. Pl.'s Resp. at 2. Defendants filed their reply on April 10, 2006 (Dkt. # 19).

The Magistrate Judge in his Recommendation quotes Tenth Circuit caselaw for the proposition that Article III standing requires "personal interest that must exist at the commencement of the litigation (standing) [and] must continue throughout its existence (mootness). . . . If an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed." Recomm. at 5 (quoting *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (emphasis in Recomm. omitted). The Court agrees with the Magistrate Judge's determination that the correction of plaintiff's parole eligibility date "healed" his injury and thus only unnecessary prospective relief is sought. *Id.* As the Magistrate Judge correctly points out, this Court has no power to declare a principle of law that "cannot affect the matter in issue in the case before it." *Id.* (quoting *Smith*, 110 F.3d at 727). Here, any determination of the constitutionality of the parole procedure would not affect Mr. Tillman's parole eligibility date or any other matter in this case. His case is therefore moot.

Accordingly, it is

ORDERED as follows:

1. The Court ACCEPTS and ADOPTS the Recommendation of United States Magistrate Judge (Dkt. # 22); and

2. The Court GRANTS Defendant's Motion to Dismiss (Dkt. # 15); and

3. The Court DISMISSES this case in its entirety.

DATED: July 25, 2006

                                                BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge